IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:16cR52 LG-RHW

DAMON DERRALL PITTMAN

18 U.S.C. § 922(g)(1)
21 U.S.C. § 841(a)(1)
18 U.S.C. § 922(k)
26 U.S.C. § 5861(d)
26 U.S.C. § 5861(c)



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 26 2016
ARTHUR JOHNSTON
BY _____ DEPUTY

**The Grand Jury charges:**

COUNT 1

On or about December 4, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi, the defendant, **DAMON DERRALL PITTMAN**, having been convicted previously of a felony, that is, a crime which is punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm which had previously been shipped and transported in and affecting interstate commerce.

In violation of Sections 922(g)(1) and 924(a)(2), Title 18, United States Code.

COUNT 2

On or about December 4, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi, the defendant, **DAMON DERRALL PITTMAN**, did knowingly and intentionally possess with intent to distribute at least 3 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II narcotic controlled substance.

In violation of Section 841(a)(1), Title 21, United States Code.

COUNT 3

On or about December 10, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi, the defendant, **DAMON DERRALL PITTMAN**, having been convicted previously of a felony, that is, a crime which is punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm which had previously been shipped and transported in and affecting interstate commerce.

In violation of Sections 922(g)(1) and 924(a)(2), Title 18, United States Code.

COUNT 4

On or about December 10, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi, the defendant, **DAMON DERRALL PITTMAN**, did knowingly and intentionally possess with intent to distribute at least 3 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II narcotic controlled substance.

In violation of Section 841(a)(1), Title 21, United States Code.

COUNT 5

On or about December 15, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi, the defendant, **DAMON DERRALL PITTMAN**, having been convicted previously of a felony, that is, a crime which is punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm which had previously been shipped and transported in and affecting interstate commerce.

In violation of Sections 922(g)(1) and 924(a)(2), Title 18, United States Code.

COUNT 6

On or about December 15, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi, the defendant, **DAMON DERRALL PITTMAN**, knowingly possessed a firearm, that is a Keystone Sporting Arms Cricket 22 rifle, that had been shipped and

transported in interstate or foreign commerce, from which the manufacturer's serial number had been removed, altered and obliterated.

In violation of Sections 922(k) and 924(a)(1)(B), Title 18, United States Code.

COUNT 7

On or about December 15, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi, the defendant, **DAMON DERRALL PITTMAN**, knowingly received and possessed a firearm, not registered to him in the National Firearms Registration and Transfer Record.

In violation of Sections 5841, 5861(d), and 5871, Title 26, United States Code.

COUNT 8

On or about December 15, 2015, in Pearl River County, in the Southern Division of the Southern District of Mississippi, the defendant, **DAMON DERRALL PITTMAN**, knowingly received and possessed a firearm, to wit: a weapon made from a rifle with an overall length less than 26 inches and a barrel length less than 16 inches made in violation of chapter 53 of Title 26.

In violation of Sections 5822, 5861(c), and 5871, Title 26, United States Code.

**NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of one or more of the offenses alleged in this indictment:

Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been

substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 924(d)(1), Title 18, United States Code, Section 2641(c), Title 28, United States Code, Section 853, Title 21, United States Code, Section 80303, Title 49, United States Code, Section 5872, Title 26, United States Code.

_____
GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/signature redacted
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the _26th_ day of _JULY_, 2016.

_____
UNITED STATES MAGISTRATE JUDGE